IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DERRICK EVANS,<br><br>       Petitioner<br><br>  VS.<br><br>VICTOR WALKER, Warden,<br><br>       Respondent | NO.  5:08-CV-118(CAR)<br><br>Proceeding Under 28 U.S.C. §2254<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION

Petitioner DERRICK EVANS has filed a petition herein seeking federal habeas corpus relief. Tab #1.  Respondent VICTOR WALKER has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #8. Petitioner EVANS has filed a Response to the respondent's motion.  Tab #10.

### Factual Background

Petitioner EVANS was convicted on March 22, 2001, following a Jones County jury trial on two counts of armed robbery, hijacking a motor vehicle, and aggravated assault. He appealed his convictions and sentences, and they were affirmed on April 17, 2003. *Evans v. State*, 261 Ga. App. 22, 581 S.E.2d 676 (2003). On June 27, 2006, petitioner filed a state habeas corpus petition. After an evidentiary hearing, an order denying the petition was filed on July 23, 2007. Petitioner's application for a certificate of probable cause to appeal the denial of habeas corpus relief was denied by the Georgia Supreme Court on October 29, 2007.

On March 31, 2008, petitioner executed the instant petition, challenging his Jones County jury trial convictions. Thereafter, on June 16, 2008, respondent WALKER filed the instant Motion To Dismiss arguing that the federal petition was untimely filed.

## **LEGAL STANDARD**

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## **DISCUSSION**

In support of his Motion to Dismiss, respondent WALKER contends that petitioner's convictions became final on April 27, 2003, ten (10) days after the Georgia Court of Appeals affirmed his convictions. Respondent next notes that the petitioner had one year in which to file a federal petition or toll the applicable limitations period by filing a state collateral attack. According to the respondent, since the petitioner waited until June 27, 2006 to file his state collateral attack, there was no time left to toll or in which to file a federal petition. As such, respondent WALKER concludes that the instant petition is untimely filed and should be dismissed with prejudice.

In his response, petitioner EVANS argues, *inter alia*, that a decision by this court to deny the aforementioned motion seeking dismissal and to review his claim on the merits would best serve the interests of justice. Having reviewed these arguments, the undersigned finds them to be neither responsive nor compelling. In the instant case, the respondent properly raised the affirmative defense that the instant petition was untimely filed. Petitioner EVANS has not disputed this assertion nor has he made any contention that the applicable period of limitations was tolled either equitably or statutorily.

As such, and in view of the above, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's *state* habeas action totaled one-thousand-one-hundred -fifty-seven (1157) days. This amount of time clearly exceeds the one-year period of limitations. Thus, petitioner EVANS's *federal* habeas petition was untimely filed. Accordingly, the instant motion to dismiss should be **GRANTED**. IT IS SO RECOMMENDED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 4th day of NOVEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE